**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CIVIL ACTION** |
| **VERSUS** | **NO. 00-2854** |
| **SYMENTRIC L. BARZE** | **SECTION: "J" (3)** |

**REPORT AND RECOMMENDATION**

On December 14, 2000, Plaintiff, the United States of America, obtained a default judgment against Defendant, Symentric L. Barze. The underlying case alleged that Mr. Barze defaulted on a student loan.[1] Over twenty years later, the United States filed a motion seeking to garnish Mr. Barze's wages to satisfy this unpaid judgment.[2] The Court issued a Writ of Garnishment[3] to Mr. Barze's employer and served Mr. Barze with a notice of his right to challenge the garnishment and demand a hearing.[4]

Mr. Barze submitted a request for a hearing,[5] including as an attachment a letter from the United States Department of Education indicating that Mr. Barze's defaulted debt had been paid in full.[6] Mr. Barze's challenge to the Writ of Garnishment was referred to the undersigned,[7] but, before a hearing could occur, the United States filed the instant motion to voluntarily dismiss the Writ and any further

---

[1] R. Doc. 5.
[2] R. Doc. 24.
[3] R. Doc. 27.
[4] R. Doc. 27-1.
[5] R. Doc. 30.
[6] R. Doc. 30-3.
[7] R. Doc. 31.

garnishment of Mr. Barze in this matter, acknowledging that the subject debt has been paid.[8] In light of the United States' concession that it can no longer show entitlement to garnish Mr. Barze's wages pursuant to the Federal Debt Collection Procedures Act of 1990,[9] its Motion to voluntarily dismiss the Writ of Garnishment should be granted.

### I.  Recommendation

Having reviewed the record, the parties' submissions, and the applicable law, and for the foregoing reasons, the undersigned RECOMMENDS that the United State's voluntary Motion to Dismiss the Writ of Garnishment, be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 27th day of September, 2024.

_____
EVA J. DOSSIER
UNITED STATES MAGISTRATE JUDGE

---

[8] R. Doc. 33.
[9] 28 U.S.C. § 3205(b)(1).